UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ROBBY ALAN SNOWBERGER, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:13-cv-68 |
| v. ) | |
| ) | Judge Mattice |
| THE CITY OF TRACY CITY, TENNESSEE, ) | Magistrate Judge Carter |
| and OFFICER TONY BEAN, ) | |
| ) | |
| *Defendants.* ) | |

# ORDER

On October 15, 2013, Plaintiff filed his "Motion for Leave to File Amended Complaint and Remand Case to the Circuit Court of Grundy County, Tennessee, at Altamont." (Doc. 21). In his Motion, and his proposed amended complaint (*see* Doc. 22), Plaintiff indicated that, "[a]fter limited discovery and a careful review of the facts," he intended to amend his Complaint in order to "strike[] all federal question claims and add[] additional Tennessee common law negligence claims" (Doc. 21 at 1-2). Because Plaintiff intended to proceed only as to questions of state law, he argued that this Court would lack subject matter jurisdiction over this action after his amendment, and thus moved the Court to remand this action to state court. (Doc. 21 at 1, 3). Defendant Bean responded, stating that he had no objections to Plaintiff's amendment or to Plaintiff's request that this Court remand the proposed amended complaint to Tennessee state court. (Doc. 23). Defendant City of Tracy, Tennessee did not file a response to Plaintiff's Motion.

Fed. R. Civ. P.15(a) provides that "leave to amend shall be freely given where justice so requires." Under Rule 15(a), leave to amend is appropriate "in absence of any

apparent or declared reason – such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . ." *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir.2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In this case, the Court discerns no improper motive or delay in Plaintiff's Motion to Amend. Neither Defendant has objected to the amendment, let alone indicated that Plaintiff's request was the result of an improper motive. Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Leave to Amend. Plaintiff's Amended Complaint (Doc. 22) will hereby supersede any previously filed complaint in this action.

28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-08, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Stroud v. Ward*, 883 F.2d 76, 1989 WL 96420, at *1 (6th Cir. 1989). If at any time before the entry of judgment it appears that a district court lacks subject matter jurisdiction over an action removed from state court, 28 U.S.C § 1447(c) directs the court to remand the case. Although Plaintiff's Complaint contained federal claims at the time of removal, Plaintiff's Amended Complaint contains no federal cause of action and the parties to this action are not diverse; thus, the basis for the Court's exercise of jurisdiction over this action has been extinguished. The Court hereby **REMANDS** this action to the Circuit Court for Grundy County, Tennessee.

The Clerk of this Court is **DIRECTED** to transmit the file in this case to the Clerk of Court for the Circuit Court for Grundy County, Tennessee.

**SO ORDERED** this 7th day of January, 2014.

                                              */s/ Harry S. Mattice, Jr.*
                                              HARRY S. MATTICE, JR.
                                              UNITED STATES DISTRICT JUDGE